**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

---

MARIA JOSE FLORES DIAZ,

Petitioner,

v. No. 26-cv-02478-KWR-GJF

WARDEN, Otero County Processing Center, *et al*,

Respondents,

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Petitioner's *pro se* Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) (Petition). Petitioner is an immigration detainee and is proceeding *pro se*. The Petition describes the circumstances of Petitioner's arrest; notes that her request for bond was denied; and appears to challenge her conditions of confinement. *See* Doc. 1 at 3, 6-7. The Petition does not specify why Petitioner believes her detention violates due process principles or why she is entitled to a release from custody.

Petitioner must file a single amended § 2241 petition within twenty-one (21) days of entry of this Order. The § 2241 amendment should specify: (1) why Petitioner believes her detention is illegal; (2) when Petitioner entered the United States; (3) what process (bond hearings, etc.) Petitioner has received so far and the reason for any denial of bond; and (4) more details on the outcome of Petitioner's appeal of the removal order. Petitioner may wish to attach immigration court orders to the amendment to clarify her claims, but documentary evidence is not required at this stage. All documents filed in this case must include the case number, No. 26-cv-02478-KWR-GJF.

The amendment must also address whether any request for release is premature based on *Zadvydas v. Davis,* 533 U.S. 678 (2001) and 8 U.S.C. § 1231(a)(1). The immigration court entered a removal order on March 13, 2026, and the appeal was dismissed on August 14, 2026. *See* https://acis.eoir.justice.gov/en/caseInformation (Executive Office for Immigration Review automated case information website). When a petitioner is subject to a final order of removal, detention is governed by 8 U.S.C. § 1231. The Government is expected to secure a noncitizen's removal within 90 days after the removal order becomes final. *See Zadvydas,* 533 U.S. at 682; 8 U.S.C. § 1231(a)(1). "During the 90-day removal period, … [the noncitizen] must be held in custody." *Zadvydas,* 533 U.S. at 683 (citing § 1231). After that, the Government may continue detaining the noncitizen only for as long as is "reasonably necessary" to secure their removal. *Id.*; *see* 8 U.S.C. § 1231(a)(6). The Supreme Court determined that a 6-month detention period is presumptively reasonable. *Zadvydas,* 533 U.S. at 701. "After this 6-month period, … the Government must respond with evidence sufficient to rebut [th]e showing" that the custody is unconstitutional. *Id.*

It appears Petitioner's removal order may be final based on the dismissal of her appeal on August 14, 2026, but Petitioner must provide more details in the amendment. Assuming the removal order is final and the appellate process is complete, Petitioner is subject to mandatory detention under 8 U.S.C. § 1231(a)(1)(A). Petitioner is also not entitled to another bond hearing. *See Gregorio, v. Warden,* 2026 WL 810004, at *2 (E.D. Cal. Mar. 24, 2026) ("Petitioner is … not entitled to a bond hearing because during the 90-day removal period set forth in § 1231(a)(1)(A), his detention is mandatory"); *Johnson v. Guzman Chavez*, 594 U.S. 523, 526 (2021) ("We conclude that § 1231, not § 1226, governs the detention of [noncitizens] subject to … orders of

removal, meaning those [noncitizens] are not entitled to a bond hearing").

Petitioner is reminded that the amended petition should not include challenges to her conditions of confinement. Claims relating to medical care and conditions of confinement must be brought in a separate civil rights action, rather than a habeas proceeding. *See Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011) ("It is well-settled law that prisoners who wish to challenge only the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits filed pursuant to 42 U.S.C. § 1983 or *Bivens* … not through federal habeas proceedings"); *Vaz v. Skinner*, 634 Fed. App'x 778, 781 (11th Cir. 2015) (a Section 2241 petition "is not the appropriate vehicle for raising an inadequate medical care claim, as such a claim challenges the conditions of confinement, not the fact or duration of that confinement."); *Nettles v. Grounds*, 830 F.3d 922, 933-34 (9th Cir. 2016) (holding that claims falling outside of "the core of habeas corpus" may not be brought in a federal habeas corpus petition).

Petitioner is also reminded that this Court cannot allow noncitizens to permanently remain in the United States or make any determination as to immigration status. Pursuant to 8 U.S.C. § 1252, known as the "zipper clause," Federal District Courts lack jurisdiction over claims challenging removal orders. *See Jennings v. Rodriguez,* 583 U.S. 281, 316-17 (2018). This includes "all questions of law and fact" that arise from a removal order, and "[n]either habeas corpus" nor "any other provision of law" can be used to avoid § 1252(b)(9)'s jurisdictional bar. *Id.* at 317. If Petitioner declines to timely comply with this ruling, the Court will dismiss the case without prejudice. Petitioner will be permitted to refile the claims, if her detention exceeds the 6-month period under *Zadvydas*.

**IT IS ORDERED** that within twenty-one (21) days of entry of this Order, Petitioner shall

file an amended § 2241 petition as set forth above.

**SO ORDERED**.

/S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE